FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

10 AUG 13 AM II: 46

CLERK. U.
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

MICHELLE MOBILIO, on Behalf of Herself
and all Others Similarly Situated,

    Plaintiff(s),

vs.

                   CASE NO.

CABLENET SERVICES UNLIMITED, INC., a
Delaware Corporation, and CABLENET SERVICES
UNLIMITED (FLORIDA) LLC, A Foreign Limited
Liability Company,

2:10-cv-495-FtM-29DNF

    Defendants.

_____/

## COMPLAINT
### Collective Action Under the FLSA

### JURY TRIAL DEMANDED

**COME NOW** the Plaintiffs, MICHELLE MOBILIO, on behalf of herself, and all

others similarly situated, by and through counsel, and hereby sets forth this representative

action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) and a claim

under Section 24, Article X of the Florida Constitution as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff, MICHELLE MOBILIO, bring this action against Defendants,

CABLENET SERVICES UNLIMITED, INC., a Delaware Corporation, and CABLENET

SERVICES UNLIMITED (FLORIDA) LLC, A Foreign Limited Liability Company,

(hereinafter "CABLENET") for unpaid minimum wages and overtime compensation and

related penalties and damages. Defendants' practice and policy is to willfully fail and

refuse to properly pay overtime compensation due Plaintiff and all other similarly

situated employees. Doing so is direct in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and Section 24, Article X of the Florida Constitution.

2.       Defendants' practices are in direct violation of the FLSA and Section 24, Article X of the Florida Constitution, and Plaintiff seeks injunctive and declaratory relief; minimum wages and overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3.       Plaintiff MICHELLE MOBILIO is an adult and resides in Lee County, Florida. Plaintiff was employed by the Defendants from October 2005 through January 2010. The Plaintiff was performing non-exempt work answering customer calls, making appointments and dispatching calls to cable technicians. Plaintiff's work originated out of Defendants CABLENET office located at 2280 Bruner Lane, Fort Myers, Florida 33900.

4.       Defendants, CABLENET SERVICES UNLIMITED, INC., is Delaware Corporation with a principal place of business located at 7 Chelsea Pkwy, Ste 709, Marcus Hook, PA 19061, PA. At all times material, Defendant, CABLENET SERVICES UNLIMITED, INC., did business through various divisions and subsidiaries throughout the United States including CABLENET SERVICES UNLIMITED (FLORIDA) LLC.

5.       Defendants, CABLENET SERVICES UNLIMITED (FLORIDA) LLC, is registered to do business in the state of Florida as a Foreign Limited Liability Company, with a principal place of business located at 7 Chelsea Pkwy, Ste 709, Marcus Hook, PA 19061, PA. At all times material, Defendants, CABLENET SERVICES UNLIMITED (FLORIDA) LLC, was authorized to do business in the state of Florida.

6.      Defendants, CABLENET SERVICES UNLIMITED, INC. and

CABLENET SERVICES UNLIMITED (FLORIDA) LLC, and each of their divisions,

however constituted, are joint employers of Plaintiffs and others similarly situated

employees because they are commonly controlled and not completely disassociated with

respect to the terms of compensation and employment of Plaintiffs and other similarly

situated employees.

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction under 28 U.S.C. §

1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201, et seq.

8.      The United States District Court for the Middle District of Florida has

personal jurisdiction because Defendants conducts business within this District.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as

the Defendants have offices, conducts business and can be found in the Middle District of

Florida, and the cause of action set forth herein has arisen and occurred in substantial part

in the Middle District of Florida. Venue is also proper under 29 U.S.C. §1132(e)(2)

because Defendants have substantial business contacts within the state of Florida.

## COUNT I
## FLSA CLAIM

10.     Plaintiff MICHELLE MOBILIO hereby incorporates the foregoing

paragraphs of this Complaint into this Count.

11.     Plaintiff was employed by the Defendants from on or about October 2005

through January 2010.

12.     During this time frame, the Defendants incorrectly labeled the Plaintiff,

and all other similarly situated, as exempt from overtime. However, the Plaintiff, and all other similarly situated, are "employees" of CABLENET as defined under the FLSA entitling them to overtime compensation for hours worked in excess of forty per work week.

13.     During Plaintiff MICHELLE MOBILIO'S employment with Defendants, she worked as a non-exempt employee answering telephone calls, making appointments and dispatching calls to cable technicians and was compensated on a salary basis for the work she performed. Plaintiff regularly worked over forty (40) hours per week during her employment. However, Defendants did not compensate plaintiff with a minimum wage for each hour worked or for all the overtime hours she worked.

14.     Prior to and during the Plaintiff's employment with the Defendants. The Defendants employed numerous other individuals who had the same job duties and compensation structure as the Plaintiff (the putative representative action Plaintiff).

15.     Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by the Defendants within three years from the commencement of this action who have not been compensated at minimum wage for all hours worked or one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

16.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Representative Plaintiff because the claims of the Plaintiff are similar to the claims of the putative Plaintiffs of the representative action.

17.     Plaintiff and the putative representative action plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of refusing to pay overtime in violation of the FLSA.

18.     The names and addresses of the putative members of the representative action are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

19.     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including each of the putative members of the FLSA representative action. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

20.     The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

21.     Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Plaintiff and the putative members of the FLSA representative action are entitled to be paid overtime compensation for all overtime hours worked.

22.     At all relevant times, Defendants have a policy and practice of failing and refusing to pay full overtime pay to its employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

23.     The Defendants failed to compensate Plaintiff and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §207(a)(1).

24.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

25.     The Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

26.     Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE,** Plaintiff, on behalf of herself and all proposed members of the FLSA representative action, pray for relief as follows:

a.      Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice

pursuant to 29 U.S.C. §216(b) to all similarly situated members of the
FLSA opt-in class, apprising them of the pendency of this action and
permitting them to assert timely FLSA claims in this action by filing
individual Consents To Sue pursuant to U.S.C. §216(b);

b.   Designation of Plaintiff, MICHELLE MOBILIO, as Representative
Plaintiff of the putative members of the FLSA representative action;

c.   A declaratory judgment that the practices complained of herein are
unlawful under the FLSA, 29 U.S.C. §201, et seq.;

d.   An injunction against Defendants and their officers, agents, successors,
employees, representatives, and any and all persons acting in concert with
Defendants, as provided by law, from engaging in each of the unlawful
practices, policies, and patterns set forth herein;

e.   An award of damages for overtime compensation due for the Plaintiffs and
the putative members of the class, including liquidated damages, to be
paid by Defendants;

f.   Costs and expenses of this action incurred herein, including reasonable
attorneys' fees and expert fees;

g.   Pre-Judgment and Post-Judgment interest, as provided by law; and

h.   Any and all such other and further legal and equitable relief as this Court
deems necessary, just and proper.

### COUNT II
### VIOLATION OF SECTION 24, ARTICLE X
### OF THE FLORIDA CONSTITUTION

27.   Plaintiff MICHELLE MOBILIO hereby incorporates the foregoing

paragraphs of this Complaint into this Count.

28.     Plaintiff was employed by the Defendants from on or about October 2005 through January 2010.

29.     Effective January 1, 2007, the Florida Constitution required all employers in the State of Florida subject to the FLSA to pay their employees at a minimum rate of $6.67.

30.     Effective January 1, 2008, the Florida Constitution required all employers in the State of Florida subject to the FLSA to pay their employees at a minimum rate of $6.79.

31.     Effective January 1, 2009, the Florida Constitution required all employers in the State of Florida subject to the FLSA to pay their employees at a minimum rate of $7.21.

32.     Effective July 24, 2009, the Florida Constitution required all employers in the State of Florida subject to the FLSA to pay their employees at a minimum rate of $7.25 per hour.

33.     The Defendants failed to pay the Plaintiffs the minimum wage for all hours worked required by Section 24, Article X of the Florida Constitution during this time period.

WHEREFORE Plaintiff, MICHELLE MOBILIO, demands judgment against Defendants, CABLENET SERVICES UNLIMITED, INC. and CABLENET SERVICES UNLIMITED (FLORIDA) LLC, jointly and severally, for unpaid compensation, liquidated damages, costs, attorney's fees and such other relief, as the court deems appropriate.

## DEMAND FOR JURY TRIAL

31.    Plaintiff hereby demands a jury trial on all causes of action and claims

with respect to which they and all members of the proposed representative action have a

right to jury trial.

Respectfully submitted this $\underline{3^{rd}}$ day August 2010.


BERKE & LUBELL, P.A.


By:    _____

Bill B. Berke
Florida Bar No. 0558011
berkelaw@yahoo.com
Patrick S. Javier
Florida Bar No. 16645
patrickjavier@ymail.com
1003 Del Prado Blvd., Ste. 300
Cape Coral, FL 33990
Telephone: (239) 549-6689
Facsimile: (239) 549-3331

9