**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**MICHELLE MOBILIO, on behalf of herself**
**and all others similarly situated,**

                **Plaintiff,**

-vs-                                              Case No.  2:10-cv-495-FtM-29DNF

**CABLENET SERVICES UNLIMITED,**
**INC., a  Delaware Corporation,**
**CABLENET SERVICES UNLIMITED**
**(FLORIDA) LLC., a foreign limited liability**
**company,**

                **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the Plaintiff's Motion for Approval of Settlement and for an Award of Attorney's Fees and Costs (Doc. 34) filed on February 18, 2011.  The Plaintiff, Michelle Mobilio, and the Defendants Cablenet Services Unlimited, LLC and Cablenet Services (Florida) LLC are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and determine the contested attorney's fees and costs. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to

employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

### I. Settlement of FLSA Claim

In this case the parties settled this matter without compromise. (See, Doc. 32, p. 1 and 4). The Plaintiff will receive $901.40 for back wages and $901.40 as liquidated damages for a total amount of $1802.80. The parties stipulated "that the Offer represents full recovery of all alleged unpaid wages due to Plaintiff (including liquidated damages) and does not represent a compromise of the plaintiff's claims for overtime compensation." (Doc. 32, p. 4). Therefore, the Court finds that the settlement of the Plaintiff's claim to be fair and reasonable.

### II. Attorney's Fees and Costs

The parties have not settled the issue of attorney's fees and costs and the Plaintiff is requesting that the Court determine the amount of fees and costs. The Plaintiff is requesting $8,680.00 in fees

and $355.63 in costs. The Defendants assert that the Plaintiff is entitled to $145 in attorney's fees for drafting the Complaint. An award of reasonable attorney's fees is mandatory under §216 if there is a finding of liability against the employer. *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, *3 (M.D. Fla. March 7, 2007). In the instant case the Defendants's Offer of Judgment includes "reasonable fees and costs, if any, in an amount to be determined by the Court." (Doc. 27). The term "reasonable" allows the Court discretion in determining the amount of fees and costs. *Id*. Generally, the Court will use the loadstar to determine a reasonable fee. *Id*., *see also Perez v. Carey Intern., Inc.* 373 Fed.Appx. 907 (11th Cir. 2010). A contested request for attorney's fees "'should not result in a second major litigation.'" *King,* 2007 WL 737575 at *3 (citing *Hensley v. Eckerhart*, 462 U.S. 424, 437 (1983)). The Plaintiff bears the initial burden in this case and has submitted documentation in support of the number of hours expended and the hourly rate. The Court must determine the reasonableness of the attorney's fees as a part of the reasonableness determination in FLSA cases. *Id*. at *4 (citing *Strong v. BellSouth Telecomms., Inc.,* 137 F.3d 844, 849-850 (5th Cir. 1998)).

      To determine the amount of attorney fees, the court must determine the reasonable number of hours expended on the litigation and multiply that amount by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party requesting the fee should submit documentation in support of the request. *Id*. If the documentation in support of the request is inadequate, the court may reduce the award accordingly. *Id*. The burden is on the applicant for the fee award to establish an entitlement to the award of fees and the documentation of the appropriate hours, however, a court may determine the award from its own experience if there is a lack of documentation. *Id*. at 437, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The court must exclude hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. at 434.

First, the court must ascertain the hourly rate for the attorney's representation. *Ducksorth v. Whisenant*, 97 F.3d 1393, 1393 (11th Cir. 1996). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Norman,* 836 F.2d at 1299. The burden lies with the applicant to establish that the requested rate is in line with prevailing market rates. *Id*.

Second, the court must determine the reasonable hours expended by counsel. *Duckworth*, 97 F.3d at 1397. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel. *Id*. (citing *Norman*, 836 F.2d at 1301). A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. *Id*. (citing *Norman*, 836 F.2d at 1301-2). The district court has discretion in determining the amount of attorney's fees to be awarded. *Natco Ltd. Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001).

Attorney Bill Berke is requesting $375.00 per hour. Mr. Berke has practiced law since 1985 and has filed other cases under the FLSA. Even though Mr. Berke is an experienced attorney, he filed multiple documents attempting to dismiss Count II and attempting to gain Court approval of the settlement (to include an acceptance of a Rule 68 Offer of Judgment). He was unsuccessful in these prior attempts. (See, Docs. 24, 25, 28, 27, 30, 32, 34, and 36). Mr. Berke also continues to file motions that have little merit. (See, Doc. 37 and 38). These were not complex legal issues and upon a review of the file, the Court will lower Mr. Berke's rate to $300.00 per hour.

Attorney Patrick Javier has practiced law for five years and is requesting an hourly rate of $250.00. The Court finds that this rate is excessive in the Fort Myers area for an associate with five years of experience. Therefore, the Court will lower Mr. Javier's hourly rate to $200.00 per hour. The Court finds that paralegal

Diane Vasecka's hourly rate of $125.00 per hour is reasonable and that Legal Assistant Anna Ray's hourly rate of $75.00 per hour is also reasonable in the Fort Myers legal community.

In the Motion for Approval of Settlement and for an Award of Attorney's Fees and Costs (Doc. 34), the Plaintiff is requesting 15.5 hours for Bill Berke, 8.7 hours for Patrick Javier, 5.3 hours for Diane Vasecka, and .4 hours for Anna Ray.  The Court does find that there were hours expended by Mr. Berke, Mr. Javier, Ms. Vasecka and Ms. Ray that are not recoverable due to time expended relating to the attempts at dismissing Count II (rather than filing an amended complaint), and the unsuccessful attempts at having the Court approve the settlement that were not the fault nor result of actions by the Defendants.  Further, some of the entries are not sufficiently detailed for the Court to determine if the time is recoverable, and some of the entries are clerical. Clerical tasks like filing, copying, and mailing are not recoverable.  *See, Tiramisu Intern. LLC v. Clever Imports LLC*, ____ F.Supp.2d ___, 2010 WL 3199718 *15 (S.D. Fla. August 11, 2010).  The burden is on the Plaintiff to provide the Court with the information needed to award attorney's fees and costs.

As a result of the review of hours expended, the Court will deduct the following time:

| Date | Person | Entry | Deducted Time in Hours |
|---|---|---|---|
| 8/3/10 | Javier | Draft complaint; legal research re exemptions and fl min wage - | 1.5 hours |
| 9/14/10 | Vasecka | Filed the executed Waiver of service by Cablenet Services | .20 |
| 9/15/10 | Vasecka | Filed executed Waiver of service by Michelle Mobilio | .20 |

| | | | |
|---|---|---|---|
| 9/29/10 | Vasecka | DV call with client re status of case; no answer yet; no flsa schedule order | .20 |
| 9/29/10 | Berke | Review of Motion to Extend Time file by Defendant's Counsel | .30 |
| 10/11/10 | Berke | Review MTN/MOL Partial Dismiss Art X and Answer Count I | .60 |
| 10/18/10 | Javier | Research; work on response | 2.50 |
| 10/22/10 | Javier | RESP MTN Partial Dismiss; edit; file | 1.60 |
| 11/22/10 | Vasecka | Prepare spreadsheet re overtime on timerecords for court rogs | 1.00 |
| 12/3/10 | Berke | Meet and discuss mtn 57.105 | .50 |
| 12/8/10 | Vasecka | call with Aunt Joy; she will get a message to Michelle; email to Michelle | .20 |
| 12/17/10 | Javier | Draft notice, filed re: Voluntary Dismissal as to Count II | .40 |
| 12/20/10 | Javier | Prepare and file Amended Notice | .30 |
| 12/21/10 | Berke | various conf w client staff getting direction to naples emails to def attny | 1.30 |
| 12/22/10 | Berke | review file; order deny mtn dismiss count II | .20 |

| Date | Name | Description | Hours |
|---|---|---|---|
| 12/22/10 | Javier | prepare notice of acceptance and settlement | .60 |
| 12/23/10 | Berke | File review with paralegal; notice acceptance; mtn amend complaint | .30 |
| 12/23/10 | Berke | Review emails re: Joint Stipulation of Dismissal as to Count II by Cablenet | .20 |
| 12/24/10 | Berke | review file; merry day order re confidentiality to DiBianca | .20 |
| 12/29/10 | Berke | review file re amend complaint and response to order | .40 |
| 12/29/10 | Ray | returned Michelle Mobilio's call gave her a status that the Judge rejected the offer and working with opposing counsel to settle case | .20 |
| 12/30/10 | Berke | review file dictate letter to dibianca re will she respond to court order and need to amend complaint | .30 |

| 1/6/11 | Ray | Client called regarding status of offer she is aware that attorney DiBianca is filing a response explaining why the offer is satisfactory and she also provided an updated address and everything else remains the same | .20 |
|---|---|---|---|
| 1/17/11 | Berke | review file review proposed settlement paperwork direct diane to respond tell them to do paperwork like avis plumbing case | .30 |
| 1/18/11 | Berke | Meet and discuss changes; revise joint mtn approve settlement; various emails w/dibianca | .60 |
| 1/19/11 | Berke | review status of paperwork from court with diane make recommendation | .40 |

Therefore, the Court recommends that Bill Berke's hours be reduced by 5.6 hours for a total of 9.9 hours at a rate of $300.00 per hour for a total of $2,970.00; that Patrick Javier's hours be reduced by 6.9 hours for a total of 1.8 hours at a rate of $200.00 per hour for a total of $360.00; that Diane Vasecka's hours be reduced by 1.8 hours for a total of 3.5 hours at a rate of $125.00 per hour for a total of $437.50; and that Anna Ray's hours be reduced to 0 as her work was clerical. Therefore, the Court respectfully recommends that an award of $3,767.50 in attorney's fees.

The Plaintiff is also requesting $355.63 in costs which include a filing fee of $350.00 and postage of $5.63 for a total of $355.63.[1]  Congress has comprehensively regulated the taxation of costs in federal courts.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987).  Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920.  *Id*.  Section 1920 provides the following list of taxable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

Charges for postage are not specifically listed in §1920 and are not taxable costs. Therefore, the Court will award $350.00 in costs.

The Plaintiff requests that interest be awarded on the attorney's fees. The Defendant did not address the issue of interest.  The Court will award statutory interest to accrue as provided by law.  *See*, *Old. National Bank v. Golberg & Associates, LLC*, 2009 WL 1097249 (S.D. Fla. Apr. 23, 2009).

**IT IS RESPECTFULLY RECOMMENDED:**

1) Motion for Approval of Settlement and for an Award of Attorney's Fees and Costs (Doc. 34) filed on February 18, 2011 be **GRANTED** in part and **DENIED** in part.  That the District Court approve the settlement of $1802.80 for back wages and liquidated damages as a "fair and reasonable resolution of a bona

---

[1] The costs are listed in Affidavit of Attorney fees, Paralegal Fees and Costs (Doc. 34-3, p. 2, ¶6).

fide dispute" of the FLSA issues. That the Motion for Award of Attorney's Fees and Costs by **GRANTED** to the extent that the District Court award the Plaintiff $3,767.50 in attorney's fees and $350.00 in costs for a total award of $4,117.50 with statutory interest accruing as provided by law, and be **DENIED** in all other respects. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action, terminate all pending motions, and close the file.

2) Joint Motion to Approve Settlement (Doc. 32) filed on February 10, 2011 be **DENIED** as moot.

3) Motion to Dismiss (Doc. 16) be **DENIED** as moot.

4) Motion for Leave to Allow Discovery (Doc. 38) be **DENIED** as moot.

5) Motion for Leave to Reply to Defendants' Response to Plaintiff's Motion to Approve Settlement and for Attorney's Fees and Costs (Doc. 37) be **DENIED** as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   21st   day of March, 2011.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record